## MOLL v. LLOMPART.

### APPEAL from the District Court of San Juan.

No. 66.—Decided March 28, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS—NOTES OF THE STENOGRAPHER.—So that the Supreme Court may consider the evidence introduced at the trial, it is necessary that it be submitted on appeal in the form of a bill of exceptions or a statement of facts, and the notes of the stenographer will not be accepted in lieu of the said documents.

The facts are stated in the opinion.

*Mr. Sarmiento* for appellant.

*Mr. Rossy, fiscal,* for The People.

The respondent did not appear.

CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

On March 21st of last year, Sebastián Moll y Romaní, his counsel, Attorney Antonio Sarmiento, brought an action for divorce in the District Court of San Juan, against his wife, María Llompart y Muriel, alleging the following as the grounds of his complaint:

"First. That Sebastián Moll y Romaní contracted a civil marriage on May 18, 1903, with María Llompart y Muriel, in the Municipal Court of the District of San Francisco, of this capital.

"Second. That María abandoned her husband Sebastián in the very court in which the marriage was celebrated, by not going with him to his residence, and she followed this procedure to the date of the complaint.

"Third. That María, having made a demand on her husband for provisional support, the latter expressed his willingness to receive and support his wife in his own home. Notwithstanding this María always opposed joining her husband and interposed, without success, all kinds of legal remedies against the judicial decision requiring her so to do."

In view of these facts, he closed with the prayer to the court that, after the proper trial, it render judgment, in due time, in his favor, holding the marriage tie between him and

his wife to be completely severed, and to limit it to this declaration by reason of the fact that there were no children by the marriage, and no property.

The defendant, María Llompart, made answer to the complaint through her counsel, Cruz Castro, opposing the divorce, and alleging the following grounds in support of her answer:

"First. That Sebastián Moll y Romaní, the husband of the defendant, compelled by the necessity of avoiding the criminal liability which he had incurred by the deception of which he had made her the victim, celebrated a *pro forma* marriage with her on May 18, 1903, and from that moment abandoned his wife without complying with any of the obligations whatsoever which marriage entails.

"Second. That the defendant, with perfect right, demanded of her husband any home whatever away from the latter's family, with whom she could not live owing to grave insults to which she had been subjected by said family on account of the occurrence which forced Moll to contract the marriage; and that she had never been able to get her husband to offer her any other home than that of the Moll family, denying her under this pretext of provisional support, which she has never received, and by letting time run on in order to be able to bring this action, free himself from the marriage ties and, by marrying another woman, again mock the defendant, as he had done the first time."

On these grounds she prayed the court to dismiss the complaint and require her husband to grant her support, or place her in a home other than that of the Moll family, in order to be able to live in his company.

The trial having been held and the evidence of the plaintiff having been heard, but not that of the defendant owing to her counsel not having presented any and having withdrawn from the action, the former consisting of the testimony of a number of witnesses and a certificate issued by the secretary of the district court of certain sections of the record of an action on file in the office of said secretary prosecuted by the defendant against her husband, Sebastián Moll, for provisional support, the court rendered the following judgment:

"*Number 302.—Sebastián Moll Romaní, plaintiff* v. *María Llompart Muriel, defendant—Divorce—Judgment.—*On May 26, 1905, in open court, this cause was called for trial in its regular order and both parties appeared through their respective counsel. The plaintiff announced that he was ready. The defendant moved for a continuance on the ground of lack of evidence; but, as the motion was not made in proper form, the court denied it and the trial continued, counsel for the defendant withdrawing. Then the plaintiff made his allegations, presented his evidence, which was heard, and then made an oral argument. And the court, after having heard the allegations, the evidence and the argument, holds that the facts and the law are against the plaintiff and, therefore, renders judgment to the effect that a decree of divorce cannot be granted in this case, with the costs against the plaintiff. And it is ordered that this judgment be entered in the book of judgments of this court. Entered this 31st day of May, 1905.—Emilio del Toro, judge; attest: José E. Figueras, secretary."

The opinion upon which the judgment of the court is based reads as follows:

"*Opinion—Sebastián Moll Romaní* v. *María Llompart Muriel—Divorce.—*The only ground which has been alleged in this case, in support of the prayer for divorce, is the abandonment of the husband by the wife for more than one year. The conclusion may be reached from the pleadings and the evidence that the plaintiff and the defendant contracted marriage, after which they went to their respective homes from the court in which the marriage was celebrated, without having lived together. It appears that a certain criminal charge had been filed against the plaintiff before the marriage. Some time passed and the defendant in this case sought support from her husband, the plaintiff, through judicial channels. The court ordered that such support should be granted, the plaintiff husband being permitted to choose between paying a certain sum or providing said support in his own home. The plaintiff chose the latter course, and did nothing more. He waited for a year to pass and, after the expiration of such time, he brought this action for divorce. We asked the witnesses for the plaintiff whether he had done anything to attract his wife, and they answered in general terms that they did not know. As a matter of fact it appears that the defendant has not gone to live with her husband, and she alleges that she has not done so, because the husband wished to take her to live with his family with

whom she had had some differences owing to the charge referred to.
And as a result of all this we find, as a matter of fact, that the spouses
have been separated for more than a year; but from the evidence
heard, is it possible to arrive at a conclusion as to which of the spouses
is innocent and which guilty? In our opinion both spouses are guilty.
Although the wife has shown herself exacting, she has appeared un-
willing to live at the side of her husband under any circumstances;
but he also has shown little solicitude, has revealed his desire to not
live with his wife. Under such circumstances can a judgment be
rendered in favor of this plaintiff, granting everything he prays for
and whose wishes the defendant has opposed? In our opinion, no;
and hence, believing that the abandonment of the husband by the
wife has not been proved, we believe that a fair and just judgment
in this case is to dismiss the complaint, with the costs against the
plaintiff. San Juan, May 31, 1905.—Emilio del Toro, district judge.''

An appeal from this judgment having been taken by coun-
sel for the plaintiff, he appeared in this Supreme Court,
presenting a copy, certified by counsel for the appellant, of
the complaint and answer, of the evidence taken at the trial,
authenticated by the reporter of the court, of the judgment
and opinion of Judge Toro Cuebas, and of the notice of ap-
peal, with the note of receipt of counsel for the respondent.
The appellant having filed his brief praying for the reversal
of the judgment on the grounds alleged in support of his
prayer, the record was referred to the *fiscal* of this court,
who prayed that the judgment be affirmed, with costs against
the appellant. Thereupon the public hearing of the appeal
was had, at which both counsel for the appellant and the
*fiscal* maintained their respective allegations, counsel for the
respondent not having appeared.

The question to be determined in this appeal is whether
the abandonment of the husband by his wife for more than
one year has or has not been proved, the complaint for di-
vorce being based on this ground.

We have already seen that both spouses, in their com-
plaint and answer respectively, mutually accuse each other,
the husband maintaining that it was the wife who abandoned

him at the door of the court, .going to live with her family and remaining there, notwithstanding his solicitations for her to go with him to his home from the day of the union to the date of the complaint; and the wife, on the contrary, that it was the husband who had abandoned her the very instant of the marriage, failing to comply with his conjugal obligations, and stubbornly refusing to furnish her a home away from that of his family, with whom she could not live owing to serious personal differences which existed between them.

Under these circumstances the trial is held, and in view of the result of the evidence, the judge arrives at the conclusion that, both spouses being guilty, because although she —that is to say, the wife—had shown herself exacting and unwilling to live at the side of her husband under any circumstances, the latter also on his part had shown little solicitude and revealed his desire not to live with his wife, the abandonment of the husband by the wife has not been proved; and, consequently, the complaint should be dismissed, with the costs against the plaintiff.

Counsel for the appellant opposes in his brief the findings of the judge as contrary to the evidence; but as it would be necessary, in order to follow him on this ground, to have a bill of exceptions or a statement of facts at hand, approved by the judge, with a hearing of the adverse party, this being the only way of bringing into this Supreme Court the evidence taken at the trial, while all that has been brought consists of the reporter's notes, certified to by him, which in itself does not give them the necessary authenticity, as has been held by this Supreme Court in a large number of decisions; hence, as this court lacks the elements necessary to judge as to whether the findings of the judge conform or not to the evidence taken, we must assume that the judgment of the lower court conforms to the evidence, and, consequently, that such judgment should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.